People of Puerto Rico, Plaintiff and Appellee, v. Dolores Cardona, Defendant and Appellant.

No. 4605. Argued: February 17, 1932.—Decided: April 8, 1932.

*B. Guerra-Mondragón* for appellant. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The pertinent part of the complaint on which the prosecution herein is based reads thus:

"I, Carlos Feltiou, . . . file this complaint against Dolores Cardona, for slander committed as follows:

"That on February 25, 1931, in Juncos, Puerto Rico, . . . the said defendant, Dolores Cardona, wilfully, maliciously, and with the criminal intent to expose complainant to public discredit and contempt, publicly stated before numerous workmen, after asking them whether they were on strike and they had answered in the affirmative, that they would so remain until victory on one side or the other was attained. That thereupon the defendant Dolores Cardona told them: 'As long as you have labor leaders with Mr. Carlos Feltiou, you will not obtain anything, for just as last year he sold himself for $10,000, this year he will sell himself for $15,000.

"The statements made against complainant expose him to public discredit and contempt. Complainant was not present.

"This act is contrary to law."

After a trial *de novo* before the District Court of Humacao, the accused was found guilty and sentenced to pay a fine of $50 or to suffer imprisonment in default of such payment. Feeling aggrieved, he appealed to this Court. He assigns as an only error, the one claimed to have been committed by the trial court in overruling the demurrer interposed by him on the ground that the complaint did not state facts sufficient to constitute a public offense.

The applicable statute was enacted on March 9, 1911, entitled "An Act to define and punish the crime of slander," and is set forth in sections 5691 to 5696 of Comp. Stat., 1911. Sections 1, 2, and 3 of the Act provide:

"Section 1.—Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Section 2.—Slander is also a tale or report maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate. .

"Section 3.—Any slanderous statement made publicly, whether in the presence of the injured person or in his absence, shall be presumed to be malicious and shall constitute the crime of slander."

A reading of the complaint suffices to conclude that it was drafted by a person not well versed in the Spanish language; but this by itself is not enough to consider it fatally defective. If the words used therein when interpreted in accordance with their usual meaning in ordinary language, establishes the crime charged, and if by reading the document as a whole any person of common intelligence can understand its meaning, notwithstanding its grammatical errors, it must be considered as sufficient. Having adverted to this, we will now proceed to consider appellant's argument.

The appellant first urges that, as the complaint fails to allege that the statements made by the accused were *false*, the acts charged can not be considered as included in section 1 of said Act.

Without stopping to consider whether or not words are used in the complaint which reveal that the statements made were false, we will concede that the appellant is right.

He insists that section 2 is not applicable either. In his argument he divides the complaint in two parts and claims that the words *wilfully, maliciously, and with the criminal intent to expose complainant to public discredit and contempt, publicly stated,* refer only to the first part, leaving the second part, which contains the true gist of the crime, without characterization, and hence insufficient to charge any public offense.

Recognizing the importance of the sign of punctuation called "period," as indicative of the "end of the grammatical and reasonable meaning of a phrase or of a single sentence,"

we think, however, that considering the complaint as a whole the words used before the first "period," also describe the acts charged immediately following the same. No new paragraph is involved and the words following the "period" are: "That thereupon." A single act committed at the time, place, manner and with the intention indicated at the beginning of the complaint is shown. Thus considering the document, we do not think that it can be doubted that it contains facts sufficient to constitute the offense defined by section 2 of the Law, for to state to workmen on strike, publicly, wilfully, maliciously, and with criminal intent to expose complainant to public discredit and contempt, that such workmen will not obtain anything as long as they have leaders like complainant who just as he sold himself last year for $10,000, will sell himself this year for $15,000, is really to utter a slander against him within the purview of the cited law, as the same has been interpreted, among other cases, in *The People* v. *Garcia,* 21 P.R.R. 153 and *People* v. *Matos,* 35 P.R.R. 826.

The appellant further maintains that the complaint does not indicate the person slandered with the precision and clearness required by the statute. In the complaint the word "with" which precedes "Mr. Carlos Feltiou" should have been "like" and this causes some confusion, but the mistake is so evident and so corrected by the entire contents of the document that it can not be considered as being essential.

Perhaps it might be advisable to add that the judgment of conviction was rendered not as a result of the ruling on the demurrer but after a trial and in consequence of the evidence adduced.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.